IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

PAUL FINK,

    Defendant.

No. CR 15-00126 WHA

**ORDER RE MOTION TO UNSEAL GRAND JURY TRANSCRIPTS**

## INTRODUCTION

Pro se prisoner moves to unseal grand jury transcripts. The government opposes. For the reasons herein, the motion is **DENIED**.

## STATEMENT

In April 2016, pro se prisoner Paul Fink entered into a plea agreement under which he pled guilty to one count of conspiracy to distribute more than 500 grams of cocaine in violation of Section 846 of Title 21 of the United States Code. Under that agreement, he gave up his right to any further discovery, to pursue defenses and present evidence, and to pursue any collateral attacks (with the exception that he retained the right to pursue an ineffective assistance of counsel claim) (Dkt. No. 378).

In September 2016, Fink was sentenced to fifteen months custody, pursuant to his guilty plea (Dkt. No. 558). He is scheduled to be released from prison on December 28, 2017. *See* Bureau of Prisons Inmate Locator, Inmate Reg. No. 72410-097.

Fink now moves to unseal the grand jury transcripts from his indictment "to discover what evidence . . . the Government presented to the Grand Jury to inculpate [Fink]." He claims to need these transcripts to explore whether the government presented any evidence to the grand jury showing that he was involved in a cocaine distribution conspiracy — which, despite his guilty plea, he now alleges he was not involved in — so he can pursue an ineffective assistance of counsel claim (Dkt. No. 583 at 5–6).

**ANALYSIS**

Grand jury proceedings are conducted in secret and generally only disclosed if the party seeking disclosure has demonstrated "a particularized need [] that outweighs the policy of grand jury secrecy." *United States v. Murray*, 751 F.2d 1528, 1533 (9th Cir. 1985). "Mere unsubstantiated, speculative assertions of improprieties in the proceedings" will not suffice. *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980) (quotations and citations omitted).

Here, Fink has failed to make the requisite showing that a particularized need exists for him to obtain grand jury transcripts.

Fink's theory as to why he is entitled to unseal the transcripts is opaque. In support of his argument for unsealing, Fink alleges that his attorney, Christopher Morales, was ineffective for allowing him to enter into a plea agreement (Dkt. No. 583, Fink Decl. at 2–3). Somehow, he believes that unsealing the transcripts will prove his attorney's ineffectiveness because, perhaps, transcripts will reveal that the government manipulated the evidence against him or failed to present adequate evidence to support the conspiracy charge he pled guilty to. He now contends that he never agreed to sell cocaine, and in fact was unaware that he was pleading guilty to a cocaine distribution conspiracy (*ibid*.).

None of this explains why Fink would have to intrude upon grand jury secrecy. *First*, evidence the grand jury considered has nothing to do with his defense attorney who was not present at, or in any way a participant in the proceedings. Fink's claims regarding his attorney's shortcomings are unconnected to the grand jury. *Second*, pursuant to his plea agreement, Fink *was charged through an information* mooting any complaint he could possibly have about the

2

grand jury indictment (Dkt. No. 373).  *Third*, it is inconceivable that Fink didn't know he was charged with conspiracy to distribute cocaine, as he now claims.  Conspiracy to distribute cocaine was the sole count in the three-page superseding information charging Fink.  On the first page of the plea agreement — which he does not seek to withdraw from, and under which he will be released in approximately two months (from this order) — it states that "(1) there was an agreement between two or more persons to distribute cocaine; and (2) [he] knowingly joined in the agreement knowing of its purpose and intending to help accomplish that purpose" (Dkt. No. 378 at 1).  Fink has not shown a particularized need to unseal the grand jury transcripts, or even how his ineffective assistance of counsel claim is related to the grand jury proceedings.

**CONCLUSION**

Fink has failed to show any particularized need to trespass on the secrecy afforded grand jury proceedings.  Accordingly, his motion to unseal grand jury transcripts is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 23, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3