IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

PAUL FINK,

    Defendant.

No. CR 15-00126 WHA

**ORDER DENYING PETITION FOR WRIT OF ERROR CORAM NOBIS AND MOTION FOR RECONSIDERATION**

**INTRODUCTION**

In this criminal case, defendant petitions *pro se* for a writ of error coram nobis and for reconsideration of an order denying his request to unseal grand jury transcripts. For the reasons below, both requests are **DENIED**.

**STATEMENT**

In April 2016, defendant Paul Fink pled guilty to conspiring to distribute more than 500 grams of cocaine in violation of Section 846 of Title 21 of the United States Code. In his plea agreement with the government, defendant admitted that he conspired with codefendant Vladimir Handl to purchase three kilograms of cocaine from a person defendant later learned was an undercover federal agent. Specifically, defendant agreed that his interest in a tower leased to a cellular telephone company could serve as security for the loan to buy the cocaine. As part of the plea agreement, defendant "agree[d] not to file any collateral attack on [his]

conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241," except that he reserved his right to claim that his counsel was ineffective (Dkt. No. 378).

In September 2016, the undersigned judge sentenced defendant to fifteen months in custody followed by four years of supervised release. While still in custody, defendant, proceeding *pro se*, moved to unseal the grand jury transcripts from his original indictment. Defendant claimed he needed the grand jury transcripts so that he could pursue an ineffective assistance of counsel claim. An October 2017 order denied the motion and concluded that defendant had failed to make the requisite showing that a particularized need existed for him to obtain the transcripts (Dkt. Nos. 558, 583, 595).

Defendant now petitions for a writ of error coram nobis, alleging that (1) his retained counsel was ineffective, (2) he unknowingly waived his right to collaterally attack his conviction and sentence, and (3) the charges against him should be dismissed based on outrageous government conduct. The government timely filed a response to defendant's application and defendant has submitted a reply. Separately, defendant moves for reconsideration of the October 2017 order denying his motion to unseal the grand jury transcripts (Dkt. Nos. 590, 600, 60s, 615).

## ANALYSIS

### 1. PETITION FOR WRIT OF ERROR CORAM NOBIS.

"The writ of error coram nobis affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody." *Estate of McKinney v. United States*, 71 F.3d 779, 781 (9th Cir. 1995). To qualify for coram nobis relief, a defendant must establish four elements: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *United States v. McClelland*, 941 F.2d 999, 1002 (9th Cir. 1991) (citation omitted). Because these requirements are conjunctive, failure to meet any one of them is fatal. *Ibid*.

As an initial matter, defendant remains "in custody" because he is subject to supervised release. *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002). Because a person in custody may seek relief pursuant to Section 2255, a writ of error coram nobis is unavailable to defendant. *Ibid*. Although the government urges the Court to treat defendant's motion as a Section 2255 petition, this order need not do so. Regardless of how defendant's claims are characterized, they lack merit and warrant dismissal.

**A.  No Ineffective Assistance of Counsel.**

To establish ineffective assistance of counsel, a defendant must show: (1) counsel's performance was deficient under the standards of reasonable lawyering, *i.e.*, it "fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984).

As to the first prong, there is a "strong presumption that counsel's performance [fell] within the wide range of professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). Performance will fall outside the range of acceptable professional assistance if it falls below "an objective standard of reasonableness," as determined by the prevailing professional norms. *Strickland*, 466 U.S. at 687–88. To prove prejudice under the second prong, a "reasonable probability" is considered to be a probability sufficient to undermine confidence in the outcome. *Id.* at 694. Where possible, the Supreme Court has recommended analysis of ineffective assistance of counsel claims based on the second prong, stating "[t]he object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.* at 697.

Defendant raises three arguments regarding defense counsel's alleged ineffectiveness. *First*, defendant claims his counsel "promised" him that he would not serve jail time. To the extent defense counsel incorrectly predicted defendant's sentence, defendant was not prejudiced by counsel's incorrect prediction because the undersigned alerted defendant to the potential

consequences prior to accepting defendant's guilty plea. *Womack v. Del Papa*, 497 F.3d 998, 1003 (9th Cir. 2007). The Court advised defendant at his plea hearing (Dkt. No. 600-1 at 9–10):

> THE COURT: So if it turns out that [the safety valve] is met, then the Guideline Range probably is going to be 37 to 46 months. And that's the starting point for the Judge, is the Guideline Range. And then sometimes a judge goes above it. Sometimes a judge goes below it. I have no way to tell you now; but if the safety valve does not apply, then we default back to the 60 months. You understand that?
>
> THE DEFENDANT: Yes, sir.

*Second*, defendant claims his counsel was ineffective because defendant believed that he pled guilty to selling marijuana, not conspiracy to distribute cocaine. This assertion is also contradicted by defendant's sworn testimony at the plea hearing (*id.* at 5–6).

> THE COURT: All right. Do you understand what you'd be pleading guilty to?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And just to be clear on that, in your own words, what is it you would be pleading guilty to?
>
> THE DEFENDANT: For the — providing collateral to a federal agent.
>
> THE COURT: Doing what?
>
> THE DEFENDANT: For a three-kilo deal.
>
> THE COURT: Well, all right. That's close, but let me give you the details. You'd be pleading guilty to conspiracy — Okay? Conspiracy. — to distribute more than 500 grams of cocaine, the elements of which are that there was an agreement between two or more persons to distribute cocaine, and you knowingly joined in the agreement, knowing of its purpose, and intending to help accomplish that purpose. So that's what you'd be pleading guilty to. Okay?
>
> THE DEFENDANT: Yes, sir.

Defendant also admitted the facts of the offense contained in the plea agreement in the following colloquy with the undersigned judge (*id.* at 16–17):

> THE COURT: And so you agreed to participate in the conspiracy to purchase 3 kilograms of cocaine. And you understood that the cost of the cocaine from the agent would be $31,000 per kilogram, for a total cost of 93,000. True?

4

THE DEFENDANT: Yes.

THE COURT: So originally you discussed with Vladimir Handl and others a plan in which you would help finance the purchase of cocaine. True?

THE DEFENDANT: Yes.

THE COURT: Ultimately, you agreed as part of the conspiracy that you would serve as a guarantor for the money for the purchase of the cocaine. Is that true?

THE DEFENDANT: Yes.

THE COURT: On or about March 4, 2015, you agreed to repay the loan of money used to purchase the cocaine, in the event that Handl was unable to pay for it with the proceeds [from] the sale of the cocaine. True?

DEFENDANT: Yes.

THE COURT: And at that time, you had and interest in a tower that had been leased to a cellular telephone company. True?

THE DEFENDANT: Yes.

THE COURT: And you told the undercover agent that your property interest in the cell tower would serve as security for the loan to buy the cocaine. True?

THE DEFENDANT: Yes.

*Third*, defendant claims his counsel failed to investigate two recorded Skype calls between defendant and the undercover agent that were produced by the government in discovery. Relying only on his own self-serving declaration, defendant contends that on these calls he "vehemently told" the agent that he wanted nothing to do with the purchase of cocaine. Defendant accordingly contends that his counsel never actually listed to these tapes. Our court of appeals has repeatedly viewed such self-serving declarations with skepticism. *See, e.g., Dows v. Wood*, 211 F.3d 480, 486 (9th Cir. 2000); *Harris v. Vasquez*, 949 F.2d 1497, 1525 (9th Cir. 1990). Moreover, as described above, defendant testified under oath regarding his particular role in the conspiracy. Defendant's declaration, on its own, is accordingly insufficient to overcome the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

### B. Defendant Knowingly Waived his Right To Challenge his Conviction and Sentence.

Defendant next asserts that he did not knowingly waive his right to challenge his conviction and sentence. To the extent defendant argues that a plea agreement may never contain a waiver of the right to collaterally attack a conviction or sentence, he is incorrect. In general, "[a] knowing and voluntary waiver of a statutory right is enforceable." *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). Defendant's plea agreement, which he signed, unambiguously stated the following (Dkt. No. 378 at ¶ 5):

> I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, except that I reserve my right to claim that my counsel was ineffective. I also agree not to seek relief under 18 U.S.C. §3582.

Moreover, during defendant's plea hearing, defendant affirmed that he had read, understood, and discussed the plea agreement with his attorney (Dkt. No. 600-1 at 8). Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea. *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008). Defendant's current claim that he did not understand the rights he was giving up therefore lacks credibility.

A petition for a writ of coram nobis is clearly a collateral attack on a criminal conviction. *United States v. Kwan*, 407 F.3d 1005, 1012 (9th Cir. 2005). Because this order finds that defendant's waiver of his right to collaterally attack his conviction and sentence was express, knowing, and voluntary, that waiver will hereby be enforced. The remaining claims raised in defendant's petition — including that the charges against him should be dismissed based on outrageous government conduct — are accordingly barred.

### 2. MOTION FOR RECONSIDERATION.

Defendant also moves for reconsideration of the October 2017 order denying his earlier request to unseal grand jury transcripts. The Federal Rules of Criminal Procedure to not address reconsideration of an order. Perhaps for that reason, defendant moves for reconsideration under Federal Rule of Civil Procedure 60(b). Even if defendant's motion is properly governed by FRCP 60(b), however, defendant fails to satisfy the rule's requirements.

FRCP 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Defendant's motion fails to make the showing required under FRCP 60(b) or otherwise show good cause for reconsideration. Defendant only reasserts the same arguments in his motion for reconsideration as he did in his original motion to unseal the grand jury transcripts. The motion for reconsideration is accordingly **DENIED**.

## CONCLUSION

For the reasons stated above, defendant's petition for a writ of error coram nobis is **DENIED**. Defendant's motion for reconsideration is also **DENIED**.

**IT IS SO ORDERED.**

Dated: September 26, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE